No. 92-057

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

RHONDA DRUGGE, Individually,
and as Personal Representative
of the ESTATE OF TED E. DRUGGE,

        Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA, and THE CITY
OF HAVRE,

        Defendants and Respondents.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       James M. Regnier, Attorney at Law, Missoula, Montana

       For Respondents:

       Ann Brodsky, Special Assistant Attorney General,
       Risk Management & Tort Defense Division, Dept. of
       Administration, Helena, Montana (State)
       I. James Heckathorn, Murphy, Robinson, Heckathorn &
       Phillips, Kalispell, Montana  (State)
       Allen Page Lanning, Conklin, Nybo, LeVeque & Murphy,
       Great Falls, Montana  (City of Havre)

FILED

SEP 1 1992

Ed Smith
CLERK OF SUPREME COURT.
STATE OF MONTANA

Filed:

Submitted on Briefs:  July 23, 1992

Decided:  September 1, 1992

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the First Judicial District Court, Lewis and Clark County. Appellant Rhonda Drugge (Drugge) filed a complaint against the State of Montana (the State) in her individual capacity and as personal representative of the estate of her deceased husband, Ted E. Drugge, who died June 24, 1986, in a boating accident on the Milk River near Havre, Montana.

Ted Drugge and his brother Don drowned when their craft went over a weir west of the city of Havre, Montana. After discovery, the State filed a motion for summary judgment, and on April 3, 1991, the District Court granted its motion in part, holding that the State owed no duty to warn the decedent, Ted Drugge, of the hazard which caused his death. The court's order provided that there remained an issue of fact regarding the navigability of the Milk River, and if it was determined that the Milk River was navigable, then the State would own the stream bed and consequently the weir itself. In that instance, the State would have the duties associated with the ownership of the real property. However, this issue was ultimately decided in the State's favor and a final judgment was entered on December 16, 1991.

Drugge appeals only that part of the District Court's order of April 3, 1991, which held that the State owed no duty to her decedent as a matter of law. Drugge is not appealing the court's order concerning the issue of navigability.

We review the following dispositive issue: Whether the District Court properly held, as a matter of law, that the State of

2

Montana owed no duty based on tort law principles to warn Ted Drugge of the dangers posed by the Havre City weir when floating the Milk River.

We note prior to our discussion of this case against the State of Montana that the City of Havre, Montana, upon whose property the weir is located, settled the suit with Drugge prior to this action against the State.

A summary of the facts indicates that on June 24, 1986, Ted and Donald Drugge and Glenda Erickson began a boat trip down the Milk River commencing just below the Fresno Dam. After approximately eight hours of floating, the party approached the Havre City weir, located nearly eighteen river miles downstream from the Fresno Dam. The Havre City weir is a diversion dam owned and operated by the City of Havre and located entirely on City property. The floating party went over the weir; Glenda Erickson survived while Ted and Donald Drugge drowned.

The Havre City weir was not navigable, as the party found out, and would have required a portage to get around. According to the record, at the time of the accident there had been no prior drownings caused by the Havre City weir, nor had the State or the City of Havre posted warning signs along the river denoting the dangers of going over the weir.

During the course of the trial, Drugge set forth selective portions of the depositions of certain employees of the Montana Department of Fish, Wildlife and Parks (FW&P) containing opinion testimony as to the State's duty to warn in this case.

3

Drugge argued that the State of Montana owed a duty to floaters. In the course of the trial, as previously noted, some of the State's employees, through depositions, indicated that the weir in question was very dangerous and many of those persons recognized that it would have been a good idea for someone to erect warning signs concerning the weir. Additionally, Drugge noted that the State of Montana had adopted a uniform state waterways marking system. Further, Drugge cites § 23-2-501, MCA, which declared that it is the policy of the State of Montana to promote safety for the persons operating vessels in Montana waters.

In response to this argument the State noted that Drugge did not cite to the Court any case imposing a duty on a government entity for failure to warn of the existence of a dangerous condition such as the Havre weir. Further, the District Court found that § 23-2-501, MCA, did not give rise to any duty on the part of the State of Montana. In addition, the court found no case law for the proposition that under § 23-2-501, MCA, a duty arose on the part of the State to post warning signs as suggested by Drugge.

Under § 2-9-101(1), MCA, state liability attaches under the Tort Claims Act only where a private person similarly would be liable. Here the property where the weir is located was owned by the City of Havre, not the State of Montana.

Drugge seeks to impose tort liability on the State based upon the State's ownership of the waters within the state. We find no authority for the proposition under Article IX, Section 3(3) of the

4

Montana Constitution, vesting the State with ownership of the waters within state boundaries, that creates a duty on the part of the State based on liability or other tort law to warn of hazards on rivers.

While the FW&P is authorized to regulate the waters to ensure boating safety, here the question is whether, under its statutory power to regulate the State waters for boating, a legal duty in tort arose to warn or to close rivers to boating where a hazard might exist.

After examining this issue, the court found that notwithstanding the existence of § 23-2-501, MCA, expressing the ". . . policy of the state to promote safety . . . connected with the use . . . of vessels . . . " the State owed no duty to ensure safety on State water courses. Section 23-2-501, MCA, the statute relied upon by the appellant, has little to do with requiring the State to warn of river hazards. This statute is directed toward boating safety and specific boating requirements under Title 23, Chapter 2, Part 5, MCA, which covers licensing, display of decals, equipment, discharge of waste from vessels, boating while under the influence of alcohol or drugs, overloading boats, and water skiing.

This is not to say that as to recreationalists who are injured by an obstruction placed across a waterway by a landowner, the landowner may not be liable under a Montana stream access law for willful or wanton misconduct. See § 23-2-321, MCA. The remedy, as Drugge properly found, is to bring suit against the landowner. She

5

did that when she sued the City of Havre and settled with the City prior to filing her complaint against the State of Montana.

The court granted summary judgment to the effect that the State of Montana had no duty under the facts of this case to warn the Drugge brothers about the Havre weir.

We affirm the granting of summary judgment and the court's finding of no duty to warn of the existence of the weir.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

September 1, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


JAMES M. REGNIER
Attorney at Law
P.O. Box 9108
Missoula, MT  59807

Ann Brodsky
Special Assistant Attorney General
Risk Management ant Tort Defense Division
Mitchell Bldg., Rm. 111
Helena, MT  59620

Allen Page Lanning
CONKLIN, NYBO, LeVEQUE & MURPHEY, P.C.
P.O. Box 2049
Great Falls,  MT  59403

I. JAMES HECKATHORN
Attorney at Law
P.O. Box 759
Kalispell, MT 59903-0759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy